No. 84-528

RONALD L. BURGESS,

        Petitioner and Appellant,

  -vs-

GALLATIN COUNTY COMMISSION,
consisting of Joy Nash, Wilbur
Visser and Jane Jelinski,

        Respondents and Respondents.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin,
              The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Madden, Knuchel & McGregor; Karl Knuchel, Livingston,
        Montana

    For Respondent:

        Mike Salvagni, County Attorney, Bozeman, Montana
        Robert R. Throssel, Deputy County Attorney,
        Bozeman, Montana

Submitted on Briefs:  Jan. 31, 1985

Decided:  April 30, 1985

Filed:  APR    1985

_Edwd m Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighteenth Judicial District, Gallatin County, denying petitioner's request for a writ of certiorari to review the action of the Gallatin County Commission, or, alternatively, for a writ of mandamus compelling the Commission to follow the Gallatin County Outdoor Recreation and Open Space Plan. We affirm.

Petitioner is a taxpayer in Gallatin County. He objects to the Gallatin County Commission's appropriation of $100,000 from the County Park Fund to a golf course development in the area of the City of Three Forks. The Gallatin County Park Fund consists of funds donated to the county in lieu of park land dedication as required by subdivision regulations. Petitioner appeared at the Commission meeting and objected to the appropriation. He contends that the use of the park fund in this manner violates the Gallatin County Outdoor Recreation and Open Space Plan, and is also unwarranted because only three percent of Gallatin County's population resides in Three Forks.

The Gallatin County Outdoor Recreation and Open Space Plan was prepared pursuant to section 7-16-2324(3)(b), MCA, and subsequently adopted by the Commission. It does not specifically mention a golf course development for the Three Forks area, but rather sets out varying types and intensities of development, recreation, and open space use for the county. Most of the plan's recommendations involve the development of facilities near the population centers of Bozeman and Belgrade. Despite that, the City of Three Forks

2

put together a proposal and presented it to the County Commission. The residents of that area offered land, material, cash contributions, and maintenance agreements, toward the construction of a golf course in the area. Further, the proponents pointed out that the climate in Three Forks would allow fifty more days per year of playing time than any similar development in Bozeman, thirty miles away. Acting upon this, the County Commission appropriated $100,000 to the Three Forks development.

Burgess then petitioned the District Court to hear the matter on certiorari, or alternatively, issue a writ of mandamus directing the Commission not to appropriate money from the Park Fund in that manner. The District Court denied Burgess's request. It held that since the Commission's action was legislative, it was not reviewable by certiorari. As to the request for a writ of mandamus, the court held that the Commission's action was discretionary, and not controlled by any duty set forth in statutes or regulations and thus there was nothing to mandate.

Petitioner presents the following issues for review:

(1) Should the District Court have reviewed this matter on certiorari?

(2) Should the District Court have issued a writ of mandamus directing the Gallatin County Commission to not appropriate the park fund in this manner?


Certiorari

Certiorari, also called the writ of review, is provided for by section 27-25-102, MCA, stating in pertinent part:

"A writ of review may be granted by:

". . .

3

"(2) the supreme court or the district court or any judge thereof, when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy." (Emphasis added.)

We have also extended the scope of certiorari to "quasi-judicial" actions, State ex. rel. Jacobson v. Board of County Commissioners (1913), 47 Mont. 531, 134 P. 291.

Certiorari does not lie in this case because the County Commission, in appropriating money was acting in a legislative, not judicial, capacity. There is no action more clearly legislative than that of the appropriation of public funds. In State ex. rel. Journal Publishing Co. v. Kenney (1890), 9 Mont. 389, 24 P. 96, we noted:

"Appropriation . . . may, perhaps, be defined to be an authority from the legislature, given at the proper time, and in legal form, to the proper officers, to apply sums of money out of that which may be in the treasury, in a given year, to specified objects or demands against the state." 9 Mont. at 397, 24 P. at 96. (Emphasis added.)

We find the discussion of this issue by the Supreme Court of Iowa, in Welden v. Ray (Iowa 1975), 229 N.W.2d 706, 709, to be enlightening:

"The appropriation of money is essentially a legislative function under our scheme of government. The classic statement of the doctrine followed throughout the country was made in a Mississippi decision, Culbert v. State, 86 Miss. 769, 775, 39 So. 65, 66:

"'Under all constitutional governments recognizing three distinct and independent magistracies, the control of the purse strings of government is a legislative function. Indeed, it is the supreme legislative prerogative, indispensable to the independence and integrity of the legislature, and not to be surrendered or abridged, save by the

4

> Constitution itself, without disturbing
> the balance of the system and endangering
> the liberties of the people. The right
> of the Legislature to control the public
> treasury, to determine the sources from
> which the public revenue shall be derived
> and the objects upon which they shall be
> expended, to dictate the time, the
> manner, and the means, both of their
> collection and disbursement, is firmly
> and inexpungably established in our
> political system . . . '"

Certiorari does not lie.


Mandamus

The writ of mandamus is provided for by section 27-26-102, MCA:

> "When and by whom issued. (1) It may be
> issued by the supreme court or the
> district court or any judge of the
> district court to any inferior tribunal,
> corporation, board, or person to compel
> the performance of an act which the law
> specially enjoins as a duty resulting
> from an office, trust, or station . . . "

Mandamus is not appropriate in this case because the action petitioner seeks to compel is not one "which the law specially enjoins as a duty." The County Commission is enjoined by law to appropriate moneys from the in-lieu fund to park and recreation purposes, section 76-3-606(2), MCA. The County Commission is not told, other than in general terms, how each dollar is to be spent. That function is clearly discretionary, and not an appropriate object for mandamus. Martel Const. Inc. v. Bd. of Examiners (Mont. 1983), 668 P.2d 222, 40 St.Rep. 1340; Foster v. Bozeman City Comm'n. (Mont. 1980), 614 P.2d 1072, 37 St. Rep. 1362.

Petitioner's argument raises the question of whether land-use plans such as the Gallatin County Outdoor Recreation and Open Space Plan set up substantive, enforceable, guidelines for county action. Although we recognize that to

5

be of any utility at all, such plans must have some force and effect, they do not have the force of substantive law. They are meant to be general guidelines that are compelling primarily for their reference value. We can envision some circumstances where such a plan may be so baldly disregarded that the courts may be required to act, but this is not such a case. The record reveals that there was substantial reason for the decision to allocate money to the Three Forks development, and we will not substitute our judgment, nor that of the petitioner's, for the judgment of the County Commissioners.

The District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices